J-S35021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY EDWARDS | |
| Appellant | No. 2553 EDA 2014 |

Appeal from the PCRA Order August 12, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0902511-1999

BEFORE:  MUNDY, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                          **FILED JULY 22, 2015**

Appellant, Anthony Edwards, appeals from an August 12, 2014 order entered in the Criminal Division of the Court of Common Pleas of Philadelphia County that denied his third petition filed pursuant to the Post-Conviction Collateral Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Since Appellant's petition was untimely and he failed to plead and prove an exception to the PCRA's one-year time-bar, the PCRA court lacked jurisdiction to entertain his claims.  Accordingly, we affirm.

The trial court summarized the relevant historical and procedural facts as follows:

> [Appellant] was found guilty after a jury trial of third-degree murder, carrying a firearm without a license, and possession of an instrument of crime on June 2, 2000, before the [Court of Common Pleas of Philadelphia County.]  On the same day, [Appellant] was sentenced by [the court] to serve a life sentence because [he] had previously been convicted of second degree

*Retired Senior Judge assigned to the Superior Court.

murder. *See* 42 Pa.C.S.[A.] § 9715. After [Appellant] filed a timely appeal, [this Court] affirmed the judgment of sentence on June 22, 2001. The Supreme Court denied [Appellant's petition for allowance of appeal] on December 6, 2001.

[Appellant] filed his first *pro se* post[-]conviction relief petition on April 22, 2002. Thereafter, counsel was appointed and filed a "no merit" letter pursuant to [**Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988)]. The petition was dismissed by the court on October 9, 2003 [and Appellant] did not file an appeal from the order denying his PCRA petition.

[Appellant] filed his second post[-]conviction petition on March 5, 2009[] and the petition was dismissed as untimely on November 5, 2012. After filing a timely notice of appeal, [this Court] dismissed [Appellant's] appeal on March 13, 2013[] for failure to file a brief.

[Appellant] filed his current post[-]conviction petition[, his third,] on August 12, 2013[.] [On November 21, 2013, Appellant filed an amended petition alleging that he received an illegal sentence because the Department of Corrections did not possess a written judgment of sentence. On March 25, 2014, Appellant amended his petition to assert that the imposition of a life sentence under 42 Pa.C.S.[A.] § 9715 for his second murder conviction violated **Alleyne v. United States**, 133 S.Ct. (2013). On April 21, 2014, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's petition as untimely. On May 19, 2014, Appellant filed a motion to amend his petition and, on May 19, 2014, he supplemented his filing by asserting that all three exceptions to the PCRA's one-year time-bar applied. In particular, Appellant noted his recent discovery of the **Alleyne** decision and the absence of a written sentencing order. On August 12, 2014, the PCRA court dismissed Appellant's petition as untimely. On August 14, 2014, Appellant again supplemented his petition by asserting that **Alleyne** applied retroactively. This appeal followed.]

Trial Court Opinion, 12/12/14, at 1-2.

"Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of

record and free of legal error." ***Commonwealth v. Feliciano***, 69 A.3d 1270, 1274-1275 (Pa. Super. 2013) (citation omitted). "It is an appellant's burden to persuade this Court that the PCRA court erred and that relief is due." ***Id.*** "This Court treats the findings of the PCRA court with deference if the record supports those findings." ***Id.*** "As the timeliness of a PCRA petition is a question of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

In this case, the PCRA court dismissed Appellant's petition on grounds that it was untimely and because Appellant failed to plead and prove the application of an exception to the PCRA's timeliness requirement. We therefore confine our discussion to whether these conclusions were legally correct and supported by the record.[1]

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the

---

[1] Appellant's brief on appeal challenges the constitutionality of the PCRA's jurisdictional time-bar. This contention is unreviewable since it was raised for the first time on appeal. ***See*** Pa.R.A.P. 302(a). It is also meritless. ***See Commonwealth v. Sanders***, 743 A.2d 970, 973 (Pa. Super. 1999) (1995 PCRA amendments did not fall outside scope of designated matter of legislature's special session and, therefore, did not violate constitutional prohibition against legislation on subjects outside parameters of special session where governor's proclamation sought to toughen criminal laws and resulting legislative process involved revising post-conviction relief statutes).

date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." ***Commonwealth v. McKeever***, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we are able to consider any of the underlying claims. ***Commonwealth v. Yarris***, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. ***See***, ***e.g.***, ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); ***Commonwealth v. Fahy***, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e Court would] consider the issue *sua sponte*, as it is a threshold question implicating [its] subject matter jurisdiction and ability to grant the requested relief.

***Commonwealth v. Whitney***, 817 A.2d 473, 475-476 (Pa. 2003).

Since the time-bar implicates the subject matter jurisdiction of our courts, "courts are without jurisdiction to offer any form of relief . . . [b]eyond th[e jurisdictional] time-period." ***Commonwealth v. Jackson***, 30 A.3d 516, 523 (Pa. Super. 2011). This proscription extends even to claims

challenging the legality of a sentence. *Id.* In *Jackson*, we held that, since the "[PCRA] petition was patently untimely, [] the PCRA court did not have jurisdiction under [42 Pa.C.S.A. §] 9545 to consider [the petitioner's illegal sentence] claim." *Jackson*, 30 A.3d at 521-522. Once the PCRA's statutory deadline has passed, "section 9545 . . . acts to divest a court of [subject matter] jurisdiction" over the claims. *Id.* at 523.

In the present case, a jury convicted Appellant on June 2, 2000 of third-degree murder, carrying a firearm without a license, and possession of an instrument of crime and, on the same day, the trial court sentenced Appellant to a life sentence. This Court affirmed Appellant's judgment of sentence on June 22, 2001. Thereafter, our Supreme Court denied Appellant's petition for allowance of appeal on December 6, 2001. Since Appellant did not seek review by the United States Supreme Court, his judgment of sentence became final on March 6, 2002. *See* 42 Pa.C.S. § 9545(b)(3) (judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); U.S. Sup. Ct. Rule 13 (appellant has 90 days to file a petition for *certiorari* in the United States Supreme Court after the Pennsylvania Supreme Court issues a decision). As Appellant did not file his current petition until August 13, 2013, his petition is manifestly untimely and the burden thus fell upon him to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1);

*Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

The statutory exceptions to the PCRA's one-year time-bar are as follows:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

Further, as our Supreme Court held, "the 60-day rule **requires a petitioner to plead and prove** that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence."

*Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008) (emphasis added); *Commonwealth v. Williams*, 105 A.3d 1234, 1239 (Pa. 2014) (same).

The record supports the PCRA court's conclusion that Appellant did not properly invoke an exception to the PCRA court's timeliness requirement. Within his August 13, 2013 petition, Appellant did not explicitly invoke **any** of the statutory exceptions to the PCRA's one-year time-bar. Nor did Appellant assert that he filed his petition within 60 days of the date his claims first could have been presented. On a supplemental submission form, filed on May 19, 2014 after the PCRA court issued its Rule 907 notice, Appellant checked several boxes listing all three exceptions to the PCRA's jurisdictional time-bar. However, Appellant's May 19, 2014 filing offered no factual support for any alleged interference by government officials, any newly-discovered evidence that was unknowable through due diligence, or any retroactive constitutional right. It was not until August 14, 2014 (after the PCRA issued its order dismissing the instant petition) that Appellant alleged for the first time that *Alleyne* applied retroactively. Since this Court has previously held that *Alleyne* did not create a new constitutional right that applies retroactively to claims pending on collateral review, *Commonwealth v. Miller*, 102 A.3d 988, 994 (Pa. Super. 2014), Appellant's contention would have been unavailing even if it had been raised in a timely fashion. Because Appellant failed to plead and prove that one of the enumerated exceptions to the time-bar applied to his case, the PCRA

court did not have subject matter jurisdiction over Appellant's third PCRA petition. Hence, the court's August 12, 2014 order dismissing Appellant's petition for collateral relief was legally sound and supported by the record.[2]

Order affirmed.
Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/22/2015

---

[2] Appellant's petition alleged in the alternative that the Department of Corrections lacked legal authority to continue to detain Appellant because it did not possess a sentencing order in this case. In **Joseph v. Glunt**, 96 A.3d 365 (Pa. Super. 2014), this Court held that an identical claim should be treated as a petition for a writ of _habeas corpus_ instead of a petition under the PCRA. **Id.** at 369. We further held, however, that even when the Department lacks possession of a written sentencing order, it has continuing authority to detain a prisoner where a criminal docket provided by trial court and a transcript of the sentencing hearing confirm the imposition, and legitimacy, of the prisoner's sentence. **Id.** at 372. Our review of the record in this case reveals the presence of these materials. Hence, Appellant's alternate claim merits no relief.